## OHIO & MISSISSIPPI RAILWAY COMPANY
### v.
## ALEXANDER MUELLER.

*Railroads—Negligence—Failure to Signal—Personal Injuries—Crossings—Evidence—Instructions.*

In an action brought by plaintiff to recover damages for injuries to his team and to his children received in a collision at a crossing of defendant's railroad, where part of the negligence complained of was the alleged failure of defendant's servants to ring the bell and blow the whistle on approaching the crossing, the court instructed the jury that evidence of witnesses testifying that they did not hear the bell or whistle was to be regarded as affirmative if the jury believed that such witnesses had their attention fully excited to what occurred, and had means of observing and did observe that no such facts took place. *Held,* that such an instruction was abstractly correct, but that there was no evidence in the case at bar on which to base it.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. POLLARD & WERNER and J. H. MATHENY, for appellant.

Messrs. McGUIRE & SALZENSTEIN, for appellee.

MR. JUSTICE BOGGS. A train of the appellant company collided with a wagon and team belonging to appellee, at the crossing of the appellant's railroad and First street, in the city of Springfield, whereby appellee's horses were killed, his wagon broken, and his children, who were in the wagon, injured. This was an action to recover damages therefor, and resulted in a judgment in the Circuit Court for the appellee in the sum of $420, from which this appeal is taken. Appellee's team and wagon were at the time of the collision in charge of and controlled by appellee's driver, whose name is not disclosed in the record. This driver was unhurt, and immediately after the accident seems to have disappeared without even reporting the occurrence to the appellee. He was not a witness upon the trial nor was any attempt made to account for his absence. It is contended by the appellant that this driver drove the team along the street in full view of the approaching train for forty to fifty feet before reaching the crossing, and that just before reaching the track concluded that it was not safe to attempt to cross and checked up his horses, then changed his mind, laid whip to the team and endeavored to hurry across but was struck by the engine. Appellant urges, therefore, as one ground for reversal, that the accident occurred because of a lack of ordinary care upon the part of the driver. This view of the case is not without evidence tending to support it, but as there is a conflict of the testimony in that respect and as the case must again be heard when this contention will, we trust, be more clearly settled, we refrain from passing upon it now.

The negligence charged against the appellant as the grounds of appellee's right of recovery is :

(1.) That the train was running at a greater rate of speed than was permitted by the ordinances of the city, which was ten miles per hour.

(2.) That the statutory signal by bell or whistle was not given.

The evidence on the part of the appellee as to the rate of speed was wholly the mere estimates and guesses of persons who saw the train in motion. The engineer and fire-

man testified that the train was moving at a rate not exceeding six miles per hour. It was proven that the train was to stop one block from this crossing and was running slowly for that reason. After the collision the train, which was composed of the engine and two coaches, did stop with the rear coach upon the crossing where the collision occurred. It can not, we think, be said that the train was moving at a prohibited rate of speed. The proofs produced by the appellee in support of his assertion that the statutory signals were not given, consisted of the testimony of seven witnesses who might have heard but did not hear such signals. The engineer and fireman testified that the bell was kept continuously ringing, and Charles Crowder and T. E. Moore each swore that they heard the engine bell thus ringing. The court instructed the jury that evidence of the character produced by the appellee as to ringing of the bell or blowing of the whistle was to be regarded as affirmative evidence if the jury believed " that such witness or witnesses had his or her attention fully excited to what occurred, and had means of observing and did observe that no such facts took place." This instruction states correctly an abstract rule (Frizell v. Cole, 42 Ill. 262), but we have not been able to find any evidence upon which to base or warrant it, a consideration which we think escaped the vigilance of the learned judge who presided at the trial. There is, we think, no evidence indicating that any witness had " his or her " attention " fully excited " as to whether the bell was ringing or not and " did observe " that the bell was not ringing. The witnesses in question simply did not hear the bell and their testimony was purely negative and ought to have had weight only as such. The instruction tended to give it the weight of positive evidence, which was in our judgment an error demanding a reversal when all the facts and circumstances proven are considered.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*